IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL J. MEYER and | § | |
| TERRENCE L. MEYER | § | |
|     *Plaintiffs*, | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| PHOENIX RESTORATION | § | JURY DEMAND |
| DISASTER SERVICE, LLC., and | § | |
| ROBERT J. GAGNE | § | |
|     *Defendant*. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW, CAROL J. MEYER and TERRENCE L. MEYER, Plaintiffs in the above-styled and numbered cause, complaining of Defendant, PHOENIX RESTORATION DISASTER SERVICE, LLC., and ROBERT J. GAGNE in support thereof would respectfully show unto this Honorable Court the following:

### 1.0  DISCOVERY LEVEL

1.1    Plaintiffs intend to conduct Discovery pursuant to a Level 3 Discovery Control Plan, as set forth in TEX. R. CIV. P. 190.4, and Plaintiffs hereby request that the Court enter a Level 3 Discovery Control Plan.

### 2.0 PARTIES

2.1    Plaintiffs, CAROL J. MEYER (hereinafter "Mrs. Meyer") and TERRENCE L. MEYER (hereinafter "Mr. Meyer"), collectively "Plaintiffs," are individuals and citizens of the State of Texas who reside in Trinity County, Texas.

2.2    Defendant Robert J. Gagne is an individual residing in Oklahoma County, Oklahoma, and may be served with citation at his home, the last known addresses are 10405 Bayberry Dr. Oklahoma City, OK 73162.

2.3    Defendant Phoenix Restoration Disaster Service, LLC., (hereinafter "Phoenix") is an Oklahoma corporation, doing business in the State of Texas, and may be served with process through its registered agent, George Bleything, located at 1301 NW 195th Street, Edmond, Oklahoma 73012.

## 3.0 JURISDICTION

3.1    Pursuant to 28 U.S.C. §1332(a), this Court has specific original, diversity jurisdiction over Plaintiff's claims, because the Plaintiffs and Defendants are citizens of different states and the amount in controversy sought by Plaintiffs exceeds $75,000, exclusive of interest and costs, and because the Defendants' contacts and actions in Texas are the subject matter of this lawsuit.

## 4.0 VENUE

4.1    Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to Plaintiffs claim occurred in this District. 28 U.S.C.§1391(b)(2)

## 5.0 FACTUAL BACKGROUND

5.1    Defendant Phoenix, is a restoration company engaging in business in Texas.

5.2    Defendant Phoenix hired, qualified, trained, supervised, and retained Robert J. Gagne as a driver.

5.3    At all times relevant to this lawsuit, Defendant Robert J. Gagne was acting in the course and scope of his actual and/or statutory employment with Defendant Phoenix.

5.4    On or about September 13, 2017, Robert J. Gagne was involved in a collision with

Defendants' vehicle in Montgomery County, Texas.

5.5     On said date, Plaintiff Carol Meyer was driving her vehicle in a careful and prudent manner traveling northbound on North I 45 highway. Plaintiff Terrence Meyer was a passenger.

5.6     At about the same time, Defendant Robert J. Gagne was directly behind Mrs. Meyers traveling northbound on North I 45 highway.

5.7     Defendant Robert J. Gagne traveling at a high rate of speed struck Mrs. Meyers from behind as she was traveling 65 MPH. This force of impacted caused Mrs. Meyers vehicle to leave the roadway to the west and she struck the concrete wall barrier.

5.8     The collision in issue in this action was in no way due to any negligent act or failure to act on the part of the Plaintiff.

## 6.0 CAUSE OF ACTION: NEGLIGENCE

6.1     Defendant Robert J. Gagne was negligent in the operation of the vehicle he was driving. Specifically, Defendant Robert J. Gagne failed to keep a reasonable lookout, failed to operate his vehicle in a prudent manner, and failed to control his speed.

6.2     As a direct and proximate result of this negligence, the Plaintiffs sustained personal injuries.

6.3     Defendant Phoenix is vicariously liable for the negligence of Defendant Robert J. Gagne under the statutory employment doctrine as well as the doctrine of respondent superior.

Based on the facts of this wreck, it appears that Defendant Robert J. Gagne may have been fatigued. Defendant Phoenix is directly liable for the accident .

6.4     It further appears that Defendant Phoenix may have been negligent in its entrustment of a vehicle to Defendant Robert J. Gagne, and in the qualification, hiring, training, supervision,

and retention of Defendant Robert J. Gagne.

6.5     Additionally, based on the facts of the collision, it appears Defendant Harris was speeding and may have been using a cellular phone at the time of the collision. Thus, Defendants are also liable to Plaintiffs under the doctrine of negligence per se.

## 7.0 DAMAGES

7.1     Plaintiffs seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

  7.1.1   Medical care, past and future;

  7.1.2   Lost wages and earning capacity, past and future;

  7.1.3   Physical impairment, past and future;

  7.1.4   Physical pain, emotional distress, and mental anguish, past and future; and

  7.1.5   Disfigurement, past and future.

7.2     Plaintiffs also seeks to recover prejudgment interest, post-judgment interest, court costs, and any other damages allowed in equity or in law.

## 8.0 JURY DEMAND & PRAYER

8.1     Plaintiffs respectfully requests a Jury in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that citation be issued, and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiffs and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, post-judgment interest, and court costs.

Respectfully submitted,

THE LUKE LAW FIRM


By: */s/ Robert R. Luke*
Robert R. Luke
State Bar No.:  00789463
Federal No.:  17901
1201 Shepherd Dr.
Houston, Texas 77007
(713) 457-6300 Telephone
(713) 621-5900 Facsimile
robert@lukefirm.com

**ATTORNEYS FOR PLAINTIFFS**